O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5856 AHM (AJWx) | Date | December 1, 2009 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGEK | |
|---|---|---|
| Kendra Bradshaw | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

  The Court GRANTS Nordstrom's unopposed motion to remand this case to the Superior Court.[1]  The Court declines to issue a formal ruling on whether Plaintiff would be entitled to pursue a class action but does agree with Nordstrom that Plaintiff appears to be maneuvering craftily in order to avoid an adverse ruling on that issue.  In order to assist the Superior Court in evaluating any effort by Plaintiff to have her claims certified as a class action once they are back in state court, the Court is attaching the Reply Brief of Nordstrom to this Order.

:

Initials of Preparer  kb

---

[1]Docket No. 56.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
JENNIFER B. ZARGAROF, Cal. Bar No. 204382
jzargarof@sheppardmullin.com
JULIE WONG, Cal. Bar No. 247342
jwong@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant
NORDSTROM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CYNTHIA ALVAREZ, individually and on behalf of other persons similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>NORDSTROM, INC.; and DOES 1 through 10,<br>   Defendants. | Case No. CV08-5856-AHM (AJWx)<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT NORDSTROM, INC.'S MOTION FOR REMAND OF PLAINTIFF'S INDIVIDUAL CLAIMS**<br><br>Hearing:<br>Date: December 7, 2009<br>Time: 10:00 a.m.<br>Dept.: Courtroom 14<br><br>[Declaration of Jennifer B. Zargarof and Amended Proposed Order filed concurrently herewith]<br><br>[Complaint Filed: June 13, 2008]<br>[FAC File: July 18, 2008]<br>Trial Date: None Set |

-1-

W02-WEST:LJN\402328458.1    REPLY RE DEFENDANT'S MOTION FOR REMAND

# I. INTRODUCTION

Plaintiff's two line response to Nordstrom's "Motion for Remand of Plaintiff's Individual Claims" is contrary to the direction from this Court. Specifically, the Court allowed both sides to brief the issue of whether there are any remaining potential class claims or whether Plaintiff's <u>individual</u> claims should be remanded back to state court. Nordstrom followed the Court's direction to brief the issue as a motion to remand individual claims. Rather than set forth any contrary facts or legal arguments, Plaintiff appears to instead seek remand of potential <u>class</u> claims without justification. Plaintiff cannot have it both ways. If Plaintiff is permitted to again seek certification of class claims, this case is properly before this Court. If, as Nordstrom contends, Plaintiff's individual claims are all that remain in the case, such individual claims should be remanded.

# II. ARGUMENT AND ANALYSIS

A. <u>The Court Ordered the Parties to Brief the Issue of Whether Plaintiff Could Pursue a Class Action or Whether Remand of Plaintiff's *Individual* Claims Was Appropriate</u>

At the conference on October 26, 2009, the parties and the Court discussed the issue of whether the ruling in the Commission Cases precludes Plaintiff from proceeding with any potential class claims.[1] Nordstrom's counsel explained why Plaintiff could only proceed as to only her individual claims for penalties. The Court then asked Plaintiff's to explain why the approval of the

---

[1] The conference transcript is attached to the Declaration of Jennifer B. Zargarof filed concurrently herewith.

settlement in the Commission Cases does not bar certification of a class in this case. (Transcript, 12:17-22.) Plaintiff's counsel argued that Plaintiff could represent a class of individuals terminated at some time between ten days after preliminary approval of the settlement in the Commission Cases. (Transcript, 13:3-9.)

After some additional argument, the Court set forth a plan for briefing the issue rather than deciding it at the conference. Plaintiff's counsel thanked the Court for not making a ruling at that time. (Transcript, 14:21.) The Court directed Nordstrom to:

> "make a motion to remand this case to state court for absence of federal jurisdiction <u>on the basis that Alvarez can only proceed with respect to her individual claims</u> and that the necessary amount in question -- amount in controversy, I should say, or other factors warranting federal court jurisdiction no longer are present." (Transcript, 14:24-15:5; emphasis added.)

The Court further explained that:

> "each side will have a fair basis to tell me what, if anything, can possibly survive as a potential class action in this case, and also whether or not, even if there is no class action, Alvarez on her own is entitled to remain as a litigant before me here in federal court." (Transcript, 15:19-23.)

Nordstrom's motion complied with these directives. Plaintiff's response did not.

B. <u>Plaintiff's Failure to Take Advantage of the Opportunity to Establish How She May Proceed With Class Allegations Should Not Be Rewarded With a "Second Bite at the Apple" in State Court</u>

Plaintiff had two options for responding to Nordstrom's motion. First, Plaintiff could have conceded that all that remained in the case were her individual claims and, therefore, consented to remand on those grounds. Second, Plaintiff could have opposed Nordstrom's motion and, as the Court suggested, argued the reasons why Plaintiff believes she may still certify a class. Instead, Plaintiff chose to agree to remand and simply say that she does "not concur" with Nordstrom's "arguments." (Plaintiff's Response, 2:3.) Plaintiff's response does not comply with the Court's directive.

Plaintiff's decision to depart from the Court's instructions and decline to respond to the issues raised in Nordstrom's motion appears to be an effort to have a second bite at the apple in state court. It appears that Plaintiff hopes to get remanded to avoid further proceedings in this Court where class certification has already been denied once, and then seek to have the state court certify a class of some sort. Given the history of this case and this Court's rulings, that would be an incorrect and unfair result.

As set forth in Nordstrom's moving papers, Plaintiff is a member of the mandatory Prospective Relief Class in the Commission Cases. Final approval of the settlement and final judgment in the Commission Cases prevent Plaintiff from challenging the legality of Nordstrom's commission plan, including the timing of final commission payments. Therefore, Plaintiff cannot certify a class, represent others, or otherwise sue for penalties relating to the payment of final commissions under Nordstrom's commission plan. In short, the practice that Plaintiff asserts will

form the common issue for a putative class (*i.e.* the timing of final commission payments under Nordstrom's commission plan) has been determined to be lawful and approved by Judge Colaw. Consequently, Plaintiff cannot represent a class of individuals challenging this approved commission plan. Her decision to opt out of the Damages Class only allows her to pursue her own claims for penalties. This Court has already determined that no other class can be certified. The final judgment in the Commission Cases closes the only door left open at the time this Court denied class certification without prejudice. No potential class claims remain.

### III. CONCLUSION

      Plaintiff did not set forth a single fact or legal argument that contradicts the basis for Nordstrom's motion to remand Plaintiff's <u>individual</u> claims. Plaintiff's refusal to respond despite the opportunity to do so should be taken as an admission that dismissal of her class allegations is appropriate. Plaintiff should not be allowed to seek a change in forum only to try to start the case over and re-litigate the issues already considered by this Court. If the class allegations are still part of the case, then this Court still has jurisdiction under the Class Action Fairness Act. Any remand order should, therefore, necessarily be of Plaintiff's individual claims only and should dismiss Plaintiff's class allegations with prejudice.

DATED: November 30, 2009

                      SHEPPARD MULLIN RICHTER & HAMPTON LLP

                      By    */s/ Jennifer Zargarof*
                              JENNIFER B. ZARGAROF
                        Attorneys for Defendant, NORDSTROM, INC.